IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLARENCE J. BARKSDALE, JR. | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-0661 |
| GIANT FOODS | * | |
|     Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

The *Pro Se* Plaintiff in this case, Clarence J. Barksdale, Jr., has filed a Complaint against his former employer, Giant of Maryland, LLC, incorrectly named as "Giant Foods." He has asserted vague claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621, *et seq.*; and the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.* Presently pending before this Court is the Defendant's corrected Motion to Dismiss for Lack of Jurisdiction Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (ECF No. 13). For the reasons that follow, said Motion shall be GRANTED.

In response to the *Pro Se* Plaintiff's cursory complaint, the Defendant has noted in its memorandum in support of its Motion to Dismiss (ECF No. 13-1) that Mr. Barksdale has failed to exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). Secondly, Giant has asserted that the claims under the ADEA and the ADA fall outside of any documents filed with the EEOC. Thirdly, the Defendant asserts no plausible claims for relief have been asserted as required by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Upon the filing of the subject Motion to Dismiss (ECF No. 13) the Clerk of this Court forwarded a letter to the Plaintiff Barksdale dated April 23, 2013 (ECF No. 15), specifically advising him that failure to timely respond to this motion within seventeen (17) days could result in the dismissal of this case. On May 10, 2013, an individual named Tony Raya sought to enter his appearance as counsel for the Plaintiff. On May 15, 2013 the Clerk returned this Entry of Appearance for noncompliance with Local Rules 101 and 102 of this Court as Mr. Raya is not an active member of the Bar of this Court (ECF No. 16). An effort was made to reach Mr. Raya by the telephone number which he had listed but he was not available at the number he provided. Furthermore, this Court takes judicial notice that Mr. Raya is not listed among resident and non-resident lawyers who are authorized to practice law in the State of Maryland under the rules of the Court of Appeals of Maryland by reason of their having been admitted to practice and whose accounts were not in arrears with the Client Protection Fund or Attorney Grievance Commission for the fiscal year ending June 30, 2012.

There has been no response by the Plaintiff to the pending Motion to Dismiss (ECF No. 13) for over six months. Furthermore, apart from the jurisdictional deficiencies of the complaint, there is no plausible claim asserted. As this Court has previously noted, "even a *pro se* complaint must be dismissed if it does not allege 'a plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, upon consideration of the Motion to Dismiss (ECF No. 13) and good cause existing to do so IT IS HEREBY ORDERED this 20th day of December, 2013 that said motion is GRANTED in its entirety, and that the subject Complaint is DISMISSED WITH PREJUDICE. IT IS FURTHER HEREBY ORDERED that the Clerk of this Court CLOSE THIS CASE.

                                                        /s/
                                             Richard D. Bennett
                                             United States District Judge